IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FILED**

NOV 30 2012

DAVID CREWS, CLERK
BY _____ Deputy

POWER INTEGRATIONS, INC.                           PLAINTIFF
Derivatively on behalf of Nominal Defendant
SEMISOUTH LABORATORIES, INC.

V.                                              CIVIL ACTION NO. *1:12CV249-M-S*

JEFFREY CASADY                                    DEFENDANT

   and

SEMISOUTH LABORATORIES, INC.                      NOMINAL DEFENDANT

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§1332 and 1441(b), Defendant Jeffrey Casady hereby removes the above-captioned case to the United States District Court for the Northern District of Mississippi, Eastern Division, from the Circuit Court of Oktibbeha County, Mississippi, the Court in which the case was originally filed.

In support of this Notice of Removal, Mr. Casady states as follows:

## TIMELINESS OF REMOVAL

1.    On October 31, 2012, Plaintiff Power Integrations, Inc. ("Plaintiff") filed this derivative action on behalf of nominal defendant SemiSouth Laboratories, Inc. ("SemiSouth"), in the Circuit Court of Oktibbeha County, Mississippi, which was assigned Civil Action No. 2012-0507-CVH (hereinafter referred to as "the Action"), and which alleges that Mr. Cassady has violated a non-competition agreement between Mr. Casady and SemiSouth.

2.    Plaintiff purported to serve Mr. Casady with process on November 2, 2012, by arranging to leave service copies of the initial pleadings with Mr. Casady's wife. A copy of all

papers provided to Mr. Casady's wife, consisting of the Summons, Cover Sheet/Civil Case Filing Form, and Shareholder Derivative Complaint ("Complaint"), is attached hereto as Exhibit 1.

3. Mr. Casady denies that the Summons and Complaint were properly served under Mississippi law. In any event, this Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b), because it has been filed within 30 days of Plaintiff's attempted service of the Summons and Complaint.

## VENUE

4. Venue lies in this Court pursuant to 28 U.S.C. § 1441(a), because the United States District Court for the Northern District of Mississippi, Eastern Division, is the district and division embracing the place where the Action is pending. *See also* 28 U.S.C. §§ 104, 1446(a).

## DIVERSITY JURISDICTION

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and one which Mr. Casady may remove pursuant to 28 U.S.C. § 1441(b), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, as described in further detail below.

6. **Plaintiff's Citizenship.** Plaintiff Power Integrations, Inc. alleges that it is a Delaware corporation with its principal place of business in San Jose, California. Complaint ¶ 9.

7. **Defendant Casady's Citizenship.** At the time this Action was filed, Mr. Casady had permanently moved to the State of North Carolina. Mr. Casady is currently a citizen of the State of North Carolina. Accordingly, complete diversity exists as between Plaintiff, a citizen of the states of Delaware and California, on the one hand, and Defendant Casady, a citizen of the State of the North Carolina, on the other.

- 2 -

8.   **Nominal Defendant SemiSouth.**

a.      SemiSouth is designated in the Complaint as a "nominal defendant."

Complaint ¶ 10.  Consistent with this nominal party designation, Plaintiff alleges that SemiSouth

has "announced that it was ceasing operations." Complaint ¶ 17.  Accordingly, the citizenship of

nominal defendant SemiSouth is disregarded in a diversity jurisdiction analysis.  As the United

States Supreme Court has stated, "a federal court must disregard nominal or formal parties and

rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Savings*

*Assoc. v. Lee*, 446 U.S. 458, 461 (1980); *see also* 14B Wright, Miller & Cooper, *Federal*

*Practice and Procedure* § 3723, p. 767 (4th ed. 2009) ("In determining whether diversity of

citizenship exists for removal purposes, the district court will disregard nominal or formal

parties, as it does in cases originated in a federal court.").  Accordingly, SemiSouth's status as a

Mississippi corporation with its principal place of business in Mississippi (Complaint ¶ 10) does

not destroy diversity.  Moreover, because SemiSouth is a nominal defendant, there is no

requirement that SemiSouth consent to or otherwise join in the removal petition.  *Farias v. Bexar*

*County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th

Cir. 1991); *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985).

b.      Alternatively, to the extent SemiSouth's citizenship is considered in the

jurisdictional analysis, SemiSouth should be realigned as a plaintiff.  In a derivative suit, a

corporation in whose name a suit is filed is to be aligned as a party-defendant where the interests

of the corporation (here, SemiSouth) are "antagonistic" to the interests of the shareholder

prosecuting the lawsuit (here, Plaintiff). *See, e.g., Apollo Property Partners, LLC v. Newedge*

*Financial, Inc.*, No. H-08-1803, 2009 WL 778108, at *2 (S.D. Tex. Mar. 20, 2009).  The

interests of Plaintiff and SemiSouth are not antagonistic, and the Complaint contains no

- 3 -

allegation to the contrary. Based on the Complaint and the nature of this controversy, Mr.

Casady states that there is no antagonism between Plaintiff and SemiSouth, either because (1)

SemiSouth has announced that it is ceasing all operations and therefore has no interest in how

this suit is resolved, or (2) SemiSouth otherwise supports Plaintiff's effort to enforce the contract

between itself and Mr. Casady. Accordingly, if SemiSouth is realigned as a party-plaintiff, then

complete diversity would exist as between Plaintiffs Power Integrations and SemiSouth (citizens

of Delaware, California and Mississippi), on the one hand, and Mr. Casady (a North Carolina

citizen), on the other.

9. **Amount in Controversy Exceeds $75,000.**

a. In the Complaint, Plaintiff seeks the "amount of damages sustained by

SemiSouth" as a result of Mr. Casady's actions, as well as attorneys' fees. Complaint Prayer ¶¶

A, C. The Complaint alleges that Mr. Casady's actions "led directly to SemiSouth's rapid

decline." Complaint ¶ 17. According to the Complaint, prior to this alleged "rapid decline,"

SemiSouth was a multi-million dollar company. Complaint ¶9. The alleged damages placed in

controversy in the Complaint resulting from Mr. Casady's alleged breach of contract therefore

far exceed the $75,000 jurisdictional minimum.

b. In addition to monetary damages, Plaintiff also seeks injunctive relief

enjoining Mr. Casady's further employment with his current employer in North Carolina, Cree,

Inc. Complaint Prayer ¶ B. "In actions seeking declaratory or injunctive relief, it is well

established that the amount in controversy is measured by the value of the object of the

litigation." *Hunt v. Washington State Apple Adv. Comm'n*, 432 U.S. 333, 347 (1977); *see also*

*Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount in

controversy is the value of the right to be protected or the extent of the injury to be prevented.")

- 4 -

Plaintiff alleges that "Casady's actions drove under the very company he founded [SemiSouth]." Complaint ¶ 17. Furthermore, Plaintiff has publicly stated that the value of its *minority* investment in SemiSouth is $60,000,000. Accordingly, the claimed value of the object of the litigation easily exceeds $75,000.

10.    **Conclusion.**  Based on the foregoing, this Court has federal subject matter jurisdiction over the Action under the provisions of 28 U.S.C. § 1332, in that it involves a controversy which exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.  Accordingly, this Action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

11.    In accordance with Rule 5(b) of the Local Uniform Civil Rules, a certified copy of the entire state court record is attached hereto as Exhibit 2.

12.    A true and correct copy of this Notice of Removal has been served on Plaintiff and filed with the Clerk of Court of the Circuit Court of Oktibbeha County, Mississippi, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Mr. Casady requests that this case be removed from the Circuit Court of Oktibbeha County, Mississippi to this Court.

3739043v.4

Respectfully submitted, this 30th day of November, 2012.

Walter J. Brand (MS Bar No. 4313)
Spencer M. Ritchie (MS Bar No. 103636)
Watkins & Eager PLLC
400 East Capitol Street
Jackson, Mississippi 39201
(601) 965-1900 (office)
(601) 965-1901 (fax)
wbrand@watkinseager.com

James F. Bogan III
Georgia Bar No. 065220
(*Pro hac vice* application to be submitted)
Jeffrey H. Fisher
Georgia Bar No. 981575
(*Pro hac vice* application to be submitted)
KILPATRICK TOWNSEND & STOCKTON
LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
(404) 815-6500
(404) 815-6555 (fax)

Counsel for Defendant Jeffrey Casady

3739043v.4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of

Removal has been served upon the following persons by hand delivery:

> Robert E. Hauberg, Esq.
> Robert F. Walker, Esq.
> Baker, Donelson, Bearman, Caldwell & Berkowitz P.C.
> 4268 I-55 North Meadowbrook Office Park
> Post Office Box 14167
> Jackson, Mississippi 39236-4167

This 30th day of November, 2012.

Walter J. Brand (MS Bar No. 4313)
Spencer M. Ritchie (MS Bar No. 103636)
Watkins & Eager PLLC
400 East Capitol Street
Jackson, Mississippi 39201
(601) 965-1900 (office)
(601) 965-1901 (fax)
wbrand@watkinseager.com

Counsel for Defendant Jeffrey Casady

3739043v.4