RECEIVED
NOV 30 2012
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

FILED
NOV 30 2012
DAVID CREWS, CLERK
BY: _____ Deputy

IN THE CIRCUIT COURT OF OKTIBBEHA COUNTY, MISSISSIPPI

POWER INTEGRATIONS, INC.
Derivatively on behalf of Nominal Defendant
SEMISOUTH LABORATORIES, INC.,

    Plaintiff,

v.

JEFFREY CASADY,

    Defendant,

and

SEMISOUTH LABORATORIES, INC.

    Nominal Defendant.

Case No. 2012-0507-CVH

1:12CV249-M-S

**Shareholder Derivative Complaint**

Plaintiff Power Integrations, Inc. ("Plaintiff" or "Power Integrations"), by the undersigned attorneys, submits this Shareholder Derivative Complaint (the "Derivative Complaint") on behalf of nominal defendant SemiSouth Laboratories, Inc. ("SemiSouth") against the defendant named herein.

## NATURE OF THE ACTION

1. This is a shareholder derivative action brought for the benefit of nominal defendant SemiSouth against defendant Jeffrey Casady ("Casady") seeking to remedy Casady's breach of the contract he entered into with SemiSouth.

2. SemiSouth was founded in July 2000 by Casady and Mike Mazzola, both professors from Mississippi State University ("MSU"). Casady and Mazzola were both involved in silicon carbide ("SiC") research and development activities at MSU. SemiSouth was spun off from these research activities. SemiSouth is focused on developing, manufacturing, and marketing quality high-performance electronic materials and components based on the semiconductor SiC, an emerging semiconductor technology known to have very significant advantages for high-power and/or harsh-environment applications.

3. As a condition of his employment with SemiSouth, Casady entered into an Employee Innovations and Proprietary Rights Assignment Agreement ("Employment Agreement") dated July 16, 2001. The Employment Agreement includes a non-competition clause that prohibits Casady from engaging with any business that competes with SemiSouth for a period of twelve months after leaving SemiSouth ("Non-Competition Agreement"). The Employment Agreement is not attached because certain portions may be subject to certain non-disclosure agreements with SemiSouth.

4. Despite the Non-Competition Agreement, Casady left his employment with SemiSouth in October 2012 and began working as a Product Portfolio Planning Manager for Cree, Inc. ("Cree"), which is based in North Carolina. Cree competes directly with SemiSouth by developing and manufacturing semiconductor materials and devices primarily based on SiC and related compounds.

5. Casady's departure contributed to the decline of SemiSouth. Without its CTO and founder, on October 26, 2012, SemiSouth announced that it would cease operations. Within days, Casady, on behalf of Cree, inquired into whether Cree could purchase SemiSouth equipment.

6. By taking employment with Cree, Casady is in blatant violation of the Non-Competition Agreement. Each day Casady is in violation of the Non-Competition Agreement causes irreparable harm to SemiSouth. Accordingly, through this action Plaintiff seeks to recover for SemiSouth the damages caused by Casady's breach and to obtain injunctive relief barring Casady from employment with Cree, pursuant to the Non-Competition Agreement.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action because Plaintiff's claims arise under Mississippi state law. The Employment Agreement contains a "Governing Law" provision that states "This Agreement shall be governed in all respects by the laws of the United States of America and by the laws of the State of Mississippi."

8. Venue is proper in this Court because SemiSouth maintains its principle place of business in Starkville, Mississippi, and the Employment Agreement was entered into in Starkville, and it is expressly governed by the laws of the State of Mississippi.

## THE PARTIES

9. Plaintiff Power Integrations is the leading supplier of high-voltage analog integrated circuits for energy-efficient power conversion. The company's innovative technology enables compact, energy-efficient power supplies in a wide range of electronic applications, including LED lighting, cell phone chargers, computers, LCD TVs, DVD players, set-top boxes, home appliances, telecom networking equipment, and many others. On October 22, 2010, Power Integrations made an initial multimillion dollar investment in SemiSouth and continued to invest in SemiSouth throughout the relevant period. Power Integrations has been a major shareholder of SemiSouth continuously from that date to the present. Power Integrations is a Delaware corporation with its principal place of business in San Jose, California.

10. Nominal Defendant SemiSouth is a Mississippi corporation with its principal place

of business in Starkville, Mississippi. SemiSouth is focused on developing, manufacturing, and marketing quality high-performance electronic materials and components based on the semiconductor SiC, an emerging semiconductor technology known to have very significant advantages for high-power and/or harsh-environment applications.

11. Defendant Casady is the founder and former President and Chief Technology Officer of SemiSouth. Casady is currently employed by Cree, Inc., as a Product Portfolio Planning Manager.

## SUBSTANTIVE ALLEGATIONS

12. On information and belief, SemiSouth was founded in July 2000 by Casady and Mike Mazzola, both of whom were professors at MSU at the time. At MSU, Casady and Mazzola were both involved in SiC research and development. SemiSouth was spun off from these research activities. SemiSouth began full-time operations in May 2001 and was incorporated in January 2002. SemiSouth is focused on developing, manufacturing, and marketing quality high-performance electronic materials and components based on the semiconductor SiC, an emerging semiconductor technology known to have very significant advantages for high-power and/or harsh-environment applications. SemiSouth offers commercially available power devices, including SiC diodes, transistors and modules. SemiSouth conducts operations throughout the United States, and is particularly active in the southern United States.

13. Shortly after SemiSouth began full-time operations in May 2001, Casady signed the Employment Agreement on July 16, 2001. The Employment Agreement contains section 13, the Non-Competition Agreement, which states, in part:

Non-Competition Agreements.

    (a) For a period of twelve (12) months following the termination of my employment with SemiSouth (the "Non-Competition Period"), I will not:

        (1) directly or indirectly induce or attempt to influence any employee of SemiSouth or any of its subsidiaries or affiliates to

terminate his or her employment with SemiSouth or any such subsidiary or affiliate, as the case may be;

(2) contact, directly or indirectly, any person or entity who is or was a customer or principal vendor of SemiSouth or any of its subsidiaries or affiliates for purposes of competing, or aiding another to compete, directly or indirectly, with SemiSouth or any of its subsidiaries or affiliates in any business conducted by SemiSouth or proposed to be conducted by SemiSouth during the Non-Competition Period (the "Area of Non-Competition"); or

(3) **engage in, directly or indirectly, whether as a principal, partner, director, officer, agent, employee, consultant or in any other capacity, or have any direct or indirect ownership interest in, any business which is engaged, either directly or indirectly, in the Area of Non-Competition**; provided, however, that this covenant not to compete shall not preclude me from owning, as a passive investor, up to one percent (1%) of the outstanding shares in a publicly traded company engaged in the activities specified in this Section 12(a)(3) and for the shares of which an active public trading market exists.

14. Section 14 of the Employment Agreement also contains a section providing for injunctive relief in the event of a breach of the Agreement:

<u>Injunctive Relief</u>. A breach of any of the promises or agreements contained herein will result in irreparable and continuing damage to SemiSouth for which there will be no adequate remedy at law, and SemiSouth shall be entitled to injunctive relief and/or a decree for specific performance, and such other relief as may be proper (including monetary damages if appropriate).

15. In October 2012, Casady, along with his wife, Janna Casady, VP of Operations, resigned from SemiSouth. Despite the clear restrictions of the Non-Competition Agreement, Casady began working for Cree as a Product Portfolio Planning Manager. Cree is based in North Carolina. According to its Annual Report for the fiscal year ended June 24, 2012, filed with the Securities Exchange Commission on August 21, 2012, Cree, like SemiSouth, "develop[s] and manufacture[s] semiconductor materials and devices primarily based on silicon carbide (SiC), gallium nitride (GaN) and related compounds." Cree's "power products are made from SiC and provide faster switching speeds than comparable silicon-based power devices for a given power level."

16. Cree engages in the SiC power device business, and is therefore clearly engaged in a business conducted by SemiSouth. As such, Casady's employment with Cree is in clear violation of the Non-Competition Agreement.

17. Casady's departure and subsequent employment with Cree has caused and continues to cause substantial damage to SemiSouth. Casady's departure and employment with Cree led directly to SemiSouth's rapid decline. On October 26, 2012, SemiSouth announced that it was ceasing operations and would likely be laying off all 90 of its employees. Then in an attempt to take advantage of SemiSouth's precarious position that he caused himself, Casady asked SemiSouth if Cree could purchase SemiSouth's equipment. Casady's actions drove under the very company he founded. He is now attempting to benefit his new employer so it can continue to operate in the SiC space that SemiSouth has competed in since its inception.

## DERIVATIVE AND DEMAND ALLEGATIONS

18. In accordance with Mississippi Code § 79-4-7.42, Plaintiff brings this action derivatively in the right and for the benefit of SemiSouth to redress Casady's breach of contract.

19. Plaintiff will adequately and fairly represent the interests of SemiSouth in enforcing and prosecuting its rights.

20. On October 31, 2012, Plaintiff made a written demand on the board of directors of SemiSouth to take suitable action to redress the wrongful actions of Casady described herein.

21. Irreparable injury to SemiSouth would result by waiting for the expiration of the ninety-day period prescribed in § 79-4-7.42(2). Casady and SemiSouth explicitly agreed that any breach of the Employment Agreement would result in "irreparable and continuing damage to SemiSouth." Additionally, the Non-Competition Agreement restricts Casady from competing against SemiSouth for a twelve-month period. If Plaintiff were required to wait 90 days to file suit, a full quarter of that period will have already passed, allowing SemiSouth's founder and former Chief Technology Officer to compete directly against SemiSouth in clear violation of the Non-Competition Agreement.

## COUNT I

### Against Defendant Casady for Breach of Contract

22. Plaintiff incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

23. Plaintiff brings this Count I derivatively on behalf of SemiSouth.

24. Casady, in consideration for his employment with SemiSouth, entered into the Employment Agreement with SemiSouth. The Employment Agreement is a valid and binding contract.

25. SemiSouth fully performed its duties under the Employment Agreement.

26. By taking employment with Cree, Inc., Casady violated the Non-Competition Agreement, and therefore breached the Employment Agreement.

27. As described herein, Casady's breach has caused immediate and irreparable harm to SemiSouth and SemiSouth has been and continues to be damaged as a direct and proximate result of the breach.

28. Unless Casady is enjoined from continuing his employment with Cree, Inc., Casady will continue to violate the Non-Competition Agreement. The parties have agreed that such a violation would cause irreparable harm to SemiSouth.

WHEREFORE, Plaintiff demands judgment as follows:

A. Awarding the Company the amount of damages sustained by SemiSouth as a result of Casady's breach of contract;

B. Enjoining Casady's further employment with Cree, Inc.;

C. Awarding Plaintiff the costs of the actions, including reasonable attorneys' fees, costs and expenses; and

D. Granting such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

Dated: October 31, 2012

                                            Respectfully submitted,

                                            POWER INTEGRATIONS, INC.

                                            By Its Attorneys,
                                            BAKER, DONELSON, BEARMAN, CALDWELL
                                            & BERKOWITZ, PC

                                            By: _____
                                                ROBERT F. WALKER

Robert E. Hauberg, Jr. (MSB No. 8958)
Robert F. Walker, Esq. (MSB No. 100660)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
MAILING: Post Office Box 14167
Jackson, Mississippi 39236-4167
PHYSICAL: 4268 I-55 North, Meadowbrook Office Park
Jackson, Mississippi 39211-6391
*Telephone*: (601) 351-2400
*Telecopier*: (601) 351-2424