IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

POWER INTEGRATIONS, INC. and
SEMISOUTH LABORATORIES, INC.                                              PLAINTIFFS

v.                                                       CIVIL ACTION NO. 1:12-00249-MPM-DAS

JEFFREY CASADY                                                              DEFENDANT

**ORDER**

This cause comes before the court on the motion of plaintiff Power Integrations, Inc. ("PI") to remand this case to the Circuit Court of Oktibbeha County. The court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This derivative suit was filed by plaintiff PI, a shareholder of SemiSouth Laboratories, Inc. ("SemiSouth"), to enforce a non-compete agreement between SemiSouth and defendant Casady. The court notes that the complaint initially named SemiSouth as a nominal defendant, but the parties have since agreed that SemiSouth should be re-aligned as a plaintiff in this case, to reflect its true status in the litigation. The complaint seeks, *inter alia*, injunctive relief to prevent Casady, the founder and former president of SemiSouth, from continuing his current employment with Cree, Inc. ("Cree"), a company based in North Carolina. PI filed this lawsuit in state court on October 31, 2012, which is five days after SemiSouth announced that it was ceasing business operations. Casady timely removed the case to this court on November 30, 2012.

A key allegation of the complaint is that Casady's actions in leaving SemiSouth to work for Cree caused the former business to cease operating and to subsequently file for Chapter 7 bankruptcy. SemiSouth's bankruptcy has left this case somewhat in limbo, since, as noted in the suggestion of bankruptcy filed with this court:

> Pursuant to Section 323 of the Bankruptcy Code, the Chapter 7 Trustee presiding over the Debtor/Defendant's bankruptcy case, Selene Maddox (the "Chapter 7 Trustee"), is vested with exclusive control over the Derivative Claims. *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1253-54 (5th Cir. 1986). Accordingly, Power Integrations has alerted the Chapter 7 Trustee to the existence of the Derivative Claims and will refrain from undertaking any further action to pursue such claims unless and until it may be so authorized by the Chapter 7 Trustee and/or the Bankruptcy Court.

This bankruptcy filing, along with the fact that SemiSouth has apparently not yet secured permission from the trustee to pursue the lawsuit, makes the status of this case somewhat uncertain. Still, the court does deem it proper to address the motion to remand at this time, since the jurisdictional basis for this case does not appear to depend upon the bankruptcy issues.

It is undisputed that plaintiffs are Mississippi residents, and the question of whether this court has diversity jurisdiction centers around the question of whether Casady had changed his domicile from Mississippi to North Carolina at the time he filed suit. It is well settled that a change in domicile "requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely . . . ." *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996) (citing Wright-Miller-Cooper, Federal Practice and Procedure § 3613 (1984) and *Paudler v. Paudler*, 185 F.2d 901, 902 (5th Cir. 1950)).

To reiterate, this lawsuit was filed on October 31, 2012. The parties appear to agree that Casady was physically present in North Carolina on that date and that he had already been hired by Cree the previous month. These facts clearly provide Casady with a good faith argument that

2

he had changed his domicile to North Carolina at the time he was sued. However, plaintiffs note that, at the time this suit was filed, Casady retained a residence in Mississippi and that he was living at an extended stay hotel in North Carolina.

The parties have conducted jurisdictional discovery, and, based on that discovery, plaintiffs note a number of facts which raise doubts regarding whether Casady had actually changed his domicile as of the filing of this lawsuit. Specifically, plaintiffs argue that:

> On October 31, 2012, Jeffrey Casady owned a home in Starkville, Mississippi. In contrast, he was living in an extended stay hotel in North Carolina. Additionally, all of Casady's household furnishings remained in Mississippi. With Casady in North Carolina were only the personal belongings he could fit into his Chrysler 300. Further, Casady maintained a Mississippi driver's license and Mississippi vehicle registration. Casady also was registered to vote in Mississippi, and (defendant's wife) Janna Casady voted in the November 2012 election in Mississippi. It was not until December 2012 that Casady notified creditors and the United States Postal Service of his change of address, and not until January 2013 that Casady obtained a North Carolina driver's license, registered his vehicle in North Carolina, and registered to vote in North Carolina. Finally, on December 31, 2012, Janna Casady and the Casady children joined Jeffrey Casady in North Carolina. These facts demonstrate that Casady remained a Mississippi citizen as of October 31, 2012 when this case was filed.

In addition to these facts, plaintiffs' position is greatly strengthened by the Fifth Circuit's 1972 decision in *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972), upon which they heavily rely.

In *Hendry*, the plaintiff, a resident of Mississippi, accepted a promotion to his employer's office in Chicago, Illinois, after which he moved his personal belongings into a temporary apartment in Chicago and began work. *See Hendry*, 455 F.2d at 956. Additionally, the plaintiff began looking for a home to purchase in the Chicago area, but his household furnishings remained in Mississippi with his family, who joined him several months after his initial move to Chicago. *Id*. Based on these facts, the Fifth Circuit reversed the district court's denial of the

motion to remand, writing that:

> Under all of the circumstances of this case, (defendant) proved only that at the time he was served with process, he had an intention to change his domicile at some future time. The only home he owned at the time of service was in Mississippi, all of his household furnishings were there, his family still lived there, and he still voted as a Mississippi resident. Only his working time was spent in Chicago.

*Id.* at 956.

The factual similarities between this case and *Hendry* are obvious, and the court concludes that the decision supports plaintiffs' motion to remand. Even assuming that Casady has a slightly stronger argument that he had changed his domicile to North Carolina than the defendant in *Hendry*, it is well settled that doubts regarding this court's jurisdiction are best resolved in favor of remand. Indeed, when faced with similar jurisdictional issues, Judge Aycock wrote in the 2009 decision of *JBHM Educ. Group, LLC v. Bailey* that:

> More importantly, the facts of this case do not clearly point to domicile in Alabama or Mississippi. Any doubts that this court has are to be resolved in favor of remand. *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir.1995) ("to the extent we might harbor some doubt about the equities in this case, we are required to resolve those doubts in favor of nonremoval"). The court does not imply that in order for a decision on a motion to remand to fall in favor of retention the facts must overwhelmingly support a finding of diversity. However, this case appears to be a prototypical example of the sort contemplated by the above-cited decisions which emphasize this court's responsibility to resolve doubts in favor of remand.

*JBHM Educ. Group, LLC v. Bailey*, 2009 WL 1298283 *8 (N.D. Miss. 2009). As in *JBHM*, Casady has a legitimate argument that he had changed his domicile to North Carolina at the time he was sued. Nevertheless, *Hendry* casts a serious jurisdictional cloud over this case, and the interests of justice and judicial economy would not be served by litigating the merits of this case in federal court, only to have the Fifth Circuit vacate any eventual judgment and remand for re-litigation in state court. This court will therefore follow Judge Aycock's lead in *JBHM* and resolve the

4

jurisdictional doubts in this case in favor of remand.

It is therefore ordered that plaintiffs' motion to remand is granted, and this case is remanded to the Circuit Court of Oktibbeha County.

SO ORDERED, this the 9th day of July, 2013.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**